**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RAMON HERNANDEZ,

    Petitioner,

v.

ROY L. HENDRICKS, et al.,

    Respondents.

Civil No. 02-2636 (JCL)

**OPINION**

**APPEARANCES:**

    RAMON HERNANDEZ, #964636A
    East Jersey State Prison
    Lock Bag R
    Rahway, New Jersey 07065
    Petitioner pro se

    SUSAN B. GYSS, Assistant Prosecutor
    EDWARD J. DE FAZIO, PROSECUTOR OF HUDSON COUNTY
    595 Newark Avenue
    Jersey City, New Jersey 07306

**LIFLAND, District Judge**

    Ramon Hernandez filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a). Respondents filed an Answer, arguing, inter alia, that the Petition is an unexhausted mixed petition and that the claims presented are in any event without merit. For the reasons expressed below, the Court dismisses the Petition and declines to issue a certificate of appealability. See 28 U.S.C. §§ 2253(c), 2254(a), (b), (c).

## I. BACKGROUND

Petitioner challenges a judgment of conviction entered on June 30, 1997, in the Superior Court of New Jersey, Law Division, Hudson County, after jury found him guilty of the attempted murder of Angel Velasquez, four aggravated assault charges and two weapons charges. The Law Division merged the convictions into the attempted murder conviction and sentenced Petitioner to a 30-year term of imprisonment, with a 15-year period of parole ineligibility. Petitioner appealed and by opinion filed November 9, 1998, the Appellate Division of the Superior Court of New Jersey affirmed without a full written decision. New Jersey v. Hernandez, No. A-4897-96T4 (App. Div. Nov. 9, 1998). The Supreme Court of New Jersey denied certification on February 17, 1999. State v. Hernandez, 158 N.J. 72 (1999) (table).

On March 17, 1999, Petitioner filed a petition for post conviction relief in the Law Division, which denied relief. Petitioner appealed and in an opinion filed October 1, 2001, the Appellate Division affirmed. On March 6, 2002, the Supreme Court of New Jersey denied certification. State v. Hernandez, 171 N.J. 442 (2002) (table).

On May 17, 2002, Petitioner executed the § 2254 Petition which is now before this Court. The Clerk received it on May 31, 2002. The Petition asserts seven grounds for relief. The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). In response Petitioner filed a Supplemental Petition, raising one additional ground and presenting Ground Three of the Petition as a due process claim. Excluding repetitive claims, the Petition presents a total of eight grounds, which are set forth verbatim:

Ground One: THE TRIAL COURT ERRED IN PRECLUDING THE DEFENSE FROM ELICITING A PRIOR CONVICTION OF AN IMPORTANT STATE'S WITNESS TO IMPEACH HIS CREDIBILITY.

Ground Two: THE TRIAL COURT ERRED IN RULING THAT THE DEFENDANT'S PRIOR CONVICTIONS WERE ADMISSIBLE TO ATTACK CREDIBILITY.

Ground Three: THE [PETITIONER] SHOULD BE GRANTED A GILMORE HEARING TO DETERMINE WHY THE PROSECUTOR EXERCISED CHALLENGES BECAUSE OF GROUP BIAS (WHERE THE DEFENDANT IS HISPANIC AND THE PROSECUTOR PEREMPTORILY CHALLENGED EVERY HISPANIC JUROR EXCEPT ONE, AND THE DEFENDANT WAS TRIED BY A JURY CONSISTING OF ONE BLACK, TEN WHITES AND ONE HISPANIC), THEREBY VIOLATING [PETITIONER'S] CONSTITUTIONAL RIGHTS GUARANTEED BY THE CONSTITUTION OF THE STATE OF NEW JERSEY . . .[AND] VIOLAT[ING] PETITIONER'S RIGHT TO DUE PROCESS AS ENUNCIATED IN THE FIFTH AND FOURTEENTH AMENDMENT[S] TO THE UNITED STATES CONSTITUTION.

Ground Four: THE [PETITIONER'S] CONVICTION FOR ATTEMPTED MURDER MUST BE REVERSED, SINCE THE VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE; THE EVIDENCE PROVES THAT THE [PETITIONER] DID NOT HAVE THE MENS REA (PURPOSEFUL CONDUCT) NECESSARY TO SUSTAIN A CONVICTION. N.J.S.A. 2C:2-2b(1) [AND] VIOLATING DEFENDANT'S RIGHT TO DUE PROCESS OF LAW AS ENUNCIATED IN THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION OF AMERICA.

Ground Five: THE [PETITIONER'S] CONVICTIONS FOR ATTEMPTED MURDER AND AGGRAVATED ASSAULT MUST BE REVERSED, SINCE THE TRIAL JUDGE ERRED IN HER CHARGE TO THE JURY REGARDING SELF DEFENSE; BY PLACING THE SELF DEFENSE CHARGE AT THE END OF HER REMARKS TO THE JURY, CONCERNING THE COUNTS OF THE INDICTMENT, AND IN NOT RELATING THE CHARGE TO THE FACTS ADDUCED AT TRIAL.

> Ground Six: THE LOWER COURT SHOULD HAVE GRANTED THE DEFENDANT'S POST CONVICTION RELIEF PETITION, BASED ON INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, BECAUSE THE DEFENDANT'S TRIAL COUNSEL'S PERFORMANCE WAS SERIOUSLY DEFICIENT AND THESE DEFICIENCIES DEPRIVED THE DEFENDANT OF A FAIR TRIAL.
>
> Ground Seven: THE LOWER COURT SHOULD HAVE GRANTED THE [PETITIONER] A FULL EVIDENTIARY HEARING IN CONNECTION WITH THE POST CONVICTION RELIEF PETITION BASED ON INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
>
> Ground Eight: THE INFORMATION PROVIDED TO THE GRAND JURY ON JUNE 5, 1995, WAS AN ATTEMPT BY ASSISTAN[T] PROSECUTOR . . . TO REHABILITATE AND CONNECT THE FLAWED AND FALSE "STATEMENT" GIVEN BY ANGEL VELASQUEZ IN VIOLATION OF [PETITIONER'S] RIGHT TO DUE PROCESS OF LAW AS ENUNCIATED IN THE 5TH, 6TH, AND 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION OF AMERICA.

(Pet. ¶ 12.A. to 12.G.; Supp. Pet. Points One to Five.)

The State filed an Answer opposing the Petition, arguing that the grounds do not assert violation of federal law, were not exhausted before the New Jersey courts, and do not satisfy the standard for habeas relief.

## II. STANDARD OF REVIEW

A habeas corpus petition must meet "heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)). The petition must specify all the grounds for relief available to the petitioner, state the facts supporting each ground, and state the relief requested. 28 U.S.C. § 2254 Rule 2(c)(1), (c)(2), (c)(3).

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

A district court must give deference to determinations of state courts. Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996). Federal courts "must presume that the factual findings of both state trial and appellate courts are correct, a presumption that can only be overcome on the basis of clear and convincing evidence to the contrary." Stevens v. Delaware Correctional Center, 295 F.3d 361, 368 (3d Cir. 2002). Where a federal claim was "adjudicated on the merits"[1] in state court proceedings, § 2254 does not permit habeas relief unless adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

---

[1] "An 'adjudication on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004) (quoting Sellan v. Kuhlman, 261 F.3d 303, 311 (2d Cir. 2001)). A state court may render an adjudication or decision on the merits of a federal claim by rejecting the claim without any discussion whatsoever. Rompilla, 355 F.3d at 247.

5

## III. DISCUSSION

A. Jurisdiction

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997). "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith v. Phillips, 455 U.S. 209, 221 (1982). "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable. It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts." Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982).

In reviewing a § 2254 petition, a federal court is not permitted to address a federal constitutional claim pertinent to the facts of the case unless the petitioner asserts the claim as a ground for relief.[2] Nor may the Court recharacterize a ground asserted under state law into a federal constitutional claim.[3] "[E]rrors of state law cannot be repackaged as federal errors simply

---

[2] See, e.g., Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where habeas petition raised claim that the police had elicited petitioner's statements without satisfying Miranda, the district court erred when it "went beyond the habeas petition and found the statements [petitioner] made after receiving the Miranda warnings to be involuntary under due process criteria"); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir. 1999) (where petition contains ground asserting the ineffective assistance of counsel during plea negotiations and trial, court is not permitted to consider ground, evident from the facts but not raised in the petition, that appellate counsel was ineffective by failing to advise petitioner that he faced a longer sentence by appealing the conviction).

[3] See Engle, 456 U.S. at 119-20 & n.19 (insofar as petitioners simply challenged the correctness of the self-defense instructions under state law, their petitions alleged no deprivation of federal rights and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony

(continued...)

by citing the Due Process Clause." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997). Moreover, "it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citations and internal quotation marks omitted); see also Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).

In Ground One, Petitioner contends that "the trial court erred in precluding the defense from eliciting a prior conviction of an important state's witness to impeach his credibility." (Pet. Ground One.) Petitioner argues that the trial court erred in determining the admissibility of a prior conviction for burglary in Texas in 1976 relating to a prosecution witness, Louis Vila, for which he was sentenced to three years on probation. Petitioner does not cite to federal law. "A federal habeas court, however, cannot decide whether the evidence in question was properly allowed under the state law of evidence." Keller v. Larkins, 251 F.3d 408, 416 n.2 (3d Cir. 2001). Because federal courts reviewing habeas claims cannot "reexamine state court determinations on state-law questions," Estelle v. McGuire, 502 U.S. 62, 67-68 (1991), Petitioner is not entitled to habeas relief on Ground One.

In Ground Two, Petitioner asserts that "the trial court erred in ruling that the defendant's prior convictions were admissible to attack credibility." (Pet. Ground Two.) Given that Petitioner testified, the admissibility of his prior convictions was a question of state law that is not cognizable under § 2254. See Estelle, 502 U.S. at 67-68; Keller, 251 F.3d at 416 n.2.

---

[3](...continued)
violated his rights under state law, federal court may not consider ground, not set forth in the petition, that exclusion of the testimony violated his federal due process rights).

7

In Ground Three, as modified by the Supplemental Petition, Petitioner argues that "the failure of the state to hold a <u>Gilmore</u> Hearing violated Petitioner's right to due process as enunciated in the fifth and fourteenth amendment to the United States Constitution." (Supp. Pet. Point Four.) In <u>State v. Gilmore</u>, 103 N.J. 508, 517 (1986), the Supreme Court of New Jersey held "that Article I, paragraphs 5, 9, and 10 of the New Jersey Constitution forbid a prosecutor to exercise peremptory challenges to remove potential petit jurors who are members of a cognizable group on the basis of their presumed group bias." <u>State v. Gilmore</u>, 103 N.J. 508, 517 (1986). Although the Supreme Court of New Jersey noted the United States Supreme Court's recent holding in <u>Batston v. Kentucky</u>, 476 U.S. 79 (1986), the court expressly based its decision on the New Jersey Constitution. <u>Gilmore</u>, 103 N.J. at 522.

> That the United States Supreme Court has overruled *Swain* in *Batson* does not mean that the laboratories operated by leading state courts should now close up shop. For one thing, *Batson* rests on federal grounds of equal protection, whereas *Wheeler* and its progeny rest on state constitutional rights to trial by an impartial jury. For another, *Batson* is not the final word in this area--as the majority recognized, and as Justice White emphasized in concurrence, "[m]uch litigation will be required to spell out the contours of the Court's Equal Protection holding...." 476 *U.S.* at ---- n. 24 & ----, 106 *S.Ct.* at 1724 n. 24 & 1725, 90 *L.Ed.*2d at 90 n. 24 (majority) & 91 (White, J., concurring).

<u>Gilmore</u>, 103 N.J. at 522.

In his Petition and Supplemental Petition, Petitioner faults the Law Division's failure to conduct a <u>Gilmore</u> hearing. Similarly, the claim which Petitioner exhausted before the New Jersey courts was a <u>Gilmore</u> claim arising under the New Jersey Constitution, not a <u>Batston</u> claim. A district court is not permitted to transform a ground asserting a violation of state law

8

into a ground raising a violation of the federal Constitution.[4] Nor may the court consider a federal claim that can be discerned from the facts of the case but is not asserted in the petition as a ground.[5] This Court finds that Claim Four, i.e., the failure to conduct a Gilmore hearing, is a state law claim that is not cognizable under § 2254.

In Ground Five, Petitioner asserts that the "convictions for attempted murder and aggravated assault must be reversed, since the trial judge erred in her charge to the jury regarding self defense; by placing the self defense charge at the end of her remarks to the jury, concerning the counts of the indictment, and in not relating the charge to the facts adduced at trial." (Pet. Ground Five.) However, a habeas petitioner who challenges state jury instructions must "point to a federal requirement that jury instructions on the elements of an offense . . . must include particular provisions," or demonstrate that the jury "instructions deprived him of a defense which federal law provided to him." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997). This is because district courts do not "sit as super state supreme courts for the purpose of determining

---

[4] See also Engle, 456 U.S. at 119-20 & n.19 (insofar as petitioners simply challenged the correctness of the self-defense instructions under state law, their petitions alleged no deprivation of federal rights, and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10 (3d Cir.), cert. denied, 513 U.S. 881 (1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony violated his rights under state law, federal court may not consider ground, not set forth in the petition, that exclusion of the testimony violated his federal due process rights).

[5] See also Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where habeas petition raised claim that the police had elicited petitioner's statements without satisfying Miranda, the district court erred when it "went beyond the habeas petition and found the statements [petitioner] made after receiving the Miranda warnings to be involuntary under due process criteria"); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir. 1999) (where petition contains ground asserting the ineffective assistance of counsel during plea negotiations and trial, the district court may not consider ground, evident from the facts but not raised in the petition, that counsel was ineffective by failing to advise petitioner that he faced a longer sentence by appealing the conviction).

whether jury instructions were correct under state law with respect to the elements of an offense and defenses to it" Id.[6] Petitioner raised the challenge to the self-defense charge before the New Jersey courts on direct appeal and the state courts upheld the instruction under state law. Because Petitioner has not pointed to a federal requirement respecting the jury instructions or shown that the instructions deprived him of a defense which federal law provided to him, the claim is not a federal claim and is not cognizable under § 2254. See Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997).

In Claim Eight, Petitioner asserts that the assistant prosecutor provided information to the grand jury "to rehabilitate and connect the flawed and false 'statement' given by Angel Velasquez" in violation of due process. (Supp. Pet. Point One.) The error Petitioner charges had the theoretical potential to affect the grand jury's determination of probable cause to indict. However, Petitioner's claim is not cognizable because "the petit jury's subsequent guilty verdict means not only that there was probable cause to believe that the defendant[] w[as] guilty as charged, but also that [he is] in fact guilty as charged beyond a reasonable doubt. Measured by the petit jury's verdict, then, any error in the grand jury proceeding connected with the charging decision was harmless beyond a reasonable doubt." United States v. Mechanik, 475 U.S. 66, 70 (1986). Petitioner is not entitled to habeas relief on Ground Eight.

---

[6] See also Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982) ("If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable. It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts"); Geschwendt v. Ryan, 967 F.2d 877, 888-90 (3d Cir. 1992).

B. Sufficiency of Evidence

In Ground Four, Petitioner asserts that "the verdict was against the weight of the evidence [which] . . . proves that the [petitioner] did not have the mens rea (purposeful conduct) necessary to sustain a conviction" in violation of due process.

A sufficiency of the evidence claim is governed by Jackson v. Virginia, 443 U.S. 307, 318 (1979). In Jackson v. Virginia, the Supreme Court determined that, "in a challenge to a state criminal conviction brought under 28 U.S.C. § 2254 - if the settled procedural prerequisites for such a claim have otherwise been satisfied - the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Id. at 324. The Court instructed a federal habeas corpus court "faced with a record of historical facts that supports conflicting inferences [to] presume - even if it does not affirmatively appear in the record - that the trier of fact resolved any such conflicts in favor of the prosecution, and [to] defer to that resolution." Id. at 326. The Court emphasized that "the standard . . . does not permit a court to make its own subjective determination of guilt or innocence." Id. at 320, n. 13.

In this case, the Appellate Division found that the evidence against Petitioner was "substantial" and that jury evidently believed the victim's testimony that Petitioner was the aggressor:

> The case against defendant was substantial. There is no question that defendant had an altercation with Velasquez resulting in multiple stab wounds to the victim. Defendant and Velasquez had known each other for a number of years. According to the victim, defendant had given drugs to a mutual friend of theirs named Louis Vila, at Vila's apartment, with the instruction that the drugs were to be sold on defendant's behalf. The drugs, however, were

11

> allegedly consumed by Vila and Velasquez, thus creating the background for defendant's attack on the victim. The stabbing resulted in two wounds to the victim's chest, two to his abdomen and one to his leg.
>
> Defendant testified at trial. His version of events was that he had left a rent deposit with Vila, but Velasquez had, instead, used the money for drugs. Defendant kicked away some of the victim's cocaine, and the victim came at defendant with a knife. The victim allegedly was wounded while defendant was attempting to defend himself . . . .
>
> Defendant's motive for the attack on the victim changes very little whether defendant's drugs were not converted into money or defendant's rent money was converted into drugs. Both versions were before the jury, one from the victim and one from the defendant. Under either version it was equally plausible, if the jury chose to so find, that Velasquez was involved with drugs and that defendant had kicked away drugs Velasquez was using, thereby causing Velasquez to attack the defendant. The jury apparently chose not to believe defendant's testimony. The case did not turn on why defendant was denied his money, but whether defendant was the aggressor.

New Jersey v. Hernandez, No. A-4622-99T4 slip op. at 4-5 (App. Div. Oct. 1, 2001).

The Appellate Division's adjudication of Petitioner's sufficiency of the evidence claim was not contrary to, or an unreasonable application of Jackson v. Virginia, and Petitioner is not entitled to habeas relief on Ground Four.

C. Ineffective Assistance of Counsel

Petitioner asserts that counsel's performance was constitutionally deficient in that counsel failed to present a key fact witness, Pedro Segura, who would have corroborated Petitioner's testimony that Petitioner had given rent payments to Louis Vila. Petitioner also faults counsel for failing to present an expert witness to testify that crack abuse can increase a person's tendency toward aggressive behavior, failing to use an investigator, failing to prepare a report for his

12

client, failing to go to the building where the incident occurred, and failing to ask for fingerprints on the knife.

The Sixth Amendment, applicable to states through the Due Process Clause of the Fourteenth Amendment, guarantees the accused the "right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance. Strickland v. Washington, 466 U.S. 668, 686 (1984).

A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied. Strickland, 466 U.S. at 687. First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. To meet this prong, a "convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. The court must then determine whether, in light of all the circumstances at the time, the identified errors were so serious that they were outside the wide range of professionally competent assistance. Id. To satisfy the second prong, the defendant must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

In this case, the Appellate Division considered Petitioner's ineffective assistance of counsel claims when affirming the order denying post conviction relief. The Appellate Division noted that the petition for post conviction relief primarily asserted ineffective assistance of counsel due to the alleged failure of counsel to call two fact witnesses who would have corroborated Petitioner's assertion that he had left a rent deposit with Vila, and the failure to

13

obtain expert testimony concerning the victim's use of cocaine. The Court determined that Petitioner failed to satisfy the either prong under the Strickland standard. "Even assuming the witnesses in question were available to defense counsel at the time of trial, a fact not entirely certain from the record before us, it cannot be said that the failure to call them constituted ineffective assistance of counsel . . . . So too, the 'trace' amount of cocaine found in the victim's blood did not require defense counsel to provide expert testimony that the victim would have been the aggressor based upon his ingestion of drugs." New Jersey v. Hernandez, No. A-4622-99T4 slip op. at 5-6. Petitioner is not entitled to habeas relief based on ineffective assistance of counsel because the New Jersey courts' adjudication of the claim did not result in a decision that was contrary to, or involved an unreasonable application of Strickland or other Supreme Court holdings.

D. Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV. CONCLUSION

Based on the foregoing, the Court dismisses the Petition and declines to issue a certificate of appealability under 28 U.S.C. § 2253(c).

JOHN C. LIFLAND, U.S.D.J.

DATED: _Oct. 19, 2005_, 2005

14